UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRACE RUGGIERI,<br><br>               Plaintiff,<br><br>  vs.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST, a foreign Corporation, DOE INDIVIDUALS 1 through 10; and ROE CORPORATIONS 11 through 20, inclusive<br><br>               Defendants. | Case No.: 2:13-cv-00071-GMN-GWF<br><br>**ORDER** |

Pending before the Court is Plaintiff Grace Ruggieri's Motion to Remand (ECF No. 15), and Defendant Hartford Insurance Company of the Midwest's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18). For the reasons discussed below, Plaintiff's Motion to Remand is denied, and Defendant's Partial Motion to Dismiss is granted.

**I.     BACKGROUND**

This case arises from Defendant Hartford Insurance Company's ("Defendant") alleged bad faith denial of Plaintiff Grace Ruggieri's ("Plaintiff") claim under an automobile insurance policy. Plaintiff alleges that her vehicle was struck from behind by another vehicle while she was at a complete stop on a freeway off-ramp. As a consequence of the collision, Plaintiff alleges that she suffered bodily injury and property damage.

Plaintiff further alleges that at the time of the collision, she was insured by Defendant under a policy that included an uninsured/underinsured motorist provision for coverage up to $100,000.[1] Plaintiff alleges that although she was in compliance with her obligations under the

---

[1] Neither the Complaint or the Amended Complaint detail whether the driver of the other vehicle was uninsured or underinsured. However, Plaintiff's Response to Defendant's Partial Motion to Dismiss clarifies the Plaintiff settled with the other driver for his policy limits, but the settlement did not cover the extent of her damages.

policy, Defendant denied coverage on the collision claim she submitted.

Plaintiff brought suit in state court for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, violations of Nevada's Unfair Trade Practices Act, and declaratory relief, originally against Property and Casualty Insurance Company of Hartford ("Property and Casualty").  Property and Casualty removed the action to federal court, and pursuant to a stipulation, Plaintiff voluntarily dismissed Property and Casualty and filed an amended complaint ("Complaint") substituting Defendant in its place.  Defendant then moved to dismiss for failure to state a claim and Plaintiff likewise moved to remand the action back to state court.

## II.     LEGAL STANDARD

### A.     Motion to Remand

A motion to remand is the proper procedure for challenging removal. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand).  However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988). Nevertheless, a district court must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a).  The burden of establishing federal

jurisdiction is placed on the party seeking removal. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). To establish subject matter jurisdiction pursuant to diversity of citizenship, a defendant removing a case to federal court must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

### B. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678. Further, while Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" and "[f]actual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. When the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. *Id*.

## III. DISCUSSION

### A. Remand

Plaintiff argues that this Court lacks jurisdiction to hear the case because the amount in controversy is not greater than $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332. Specifically, Plaintiff argues that because Defendant made a $41,000 payment under the policy, the outstanding amount under the $100,000 uninsured/underinsured motorist provision

can only be $59,000. Consequently, Plaintiff argues that the amount in controversy cannot be more than $75,000. However, because the Complaint includes other causes of action in addition to the contractual claim, the Court disagrees with Plaintiff's assessment.

"Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enter.*, 231 F.3d 1129, 1131 (2000). However, in the removal context where the amount in controversy is not facially evident from the complaint, a defendant must show by a preponderance of evidence that amount in controversy exceeds the required $75,000 and may do so by presenting evidence external to the pleadings. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Additionally, "the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

Initially, the Court notes that because Plaintiff's Complaint does not detail Defendant's $41,000 payment, the amount in controversy on the face of the breach of contract claim is $100,000. However, as Defendant, in its Response, concedes it paid the $41,000, the Court considers the amount in controversy on the contract claim equal to $59,000.[2] Nonetheless, the Complaint also contains separate claims for tortious breach of the implied covenant of good faith and fair dealing and for violation of Nevada's Unfair Trade Practices Act,[3] each of which alleges damages "in excess of $10,000.00." Because these claims authorize recovery of

---

[2] Both Parties also refer to an additional $1,000 in medical payment coverage. However, this too is absent in the Complaint, but is ultimately irrelevant for purposes of the remand analysis.

[3] As explained below, Plaintiff's claim for contractual breach of the implied covenant of good faith and fair dealing can only be pled as an alternative theory of liability to the breach of contract claim. Because Plaintiff cannot legally prevail on both claims, the "in excess of $10,000.00" alleged in the contractual good faith and fair dealing claim may not be aggregated in the total. Additionally, Plaintiff's claim for declaratory relief is a reiteration of the damages owed under the policy asserted in the breach of contract claim.

consequential and punitive damages in addition to the contractual damages under the policy, the alleged damages under these claims are aggregated with those in the contractual claim. Thus, the aggregate amount in controversy facially evident from the entire Complaint is at least $79,000.

Consequently, the Court finds that the amount in controversy requirement is satisfied and Defendant has met its burden of showing that removal was proper. Plaintiff's Motion to Remand must be denied. However, the Court will deny the motion without prejudice. If Plaintiff so desires, Plaintiff may stipulate to an amount of damages less than $75,000 and renew the motion. In that event, the Court will grant the renewed Motion to Remand. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 n.5 (9th Cir. 2007).

**B.    Dismissal**

Defendant asserts that Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing and violations of Nevada's Unfair Trade Practices Act do not allege sufficient facts to state a claim upon which relief may be granted. The Court agrees.

*1.    Breach of the Implied Covenant of Good Faith and Fair Dealing*

A contractual breach of the covenant of good faith and fair dealing arises "where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). This cause of action stands in contrast to one for breach of contract because of its requirement for literal compliance with the terms of the contract. *See Kennedy v. Carriage Cemetery Services, Inc.*, 727 F. Supp. 2d 925, 931 (Nev. 2010). Consequently, allegations that a defendant violated the actual terms of a contract are incongruent with this cause of action and insufficient to maintain a claim. *See id.*

Plaintiff's Complaint alleges only that Defendant failed to comply with the actual terms

of the contract. This is inapposite to the requirement of literal compliance with the contractual terms required for breach of the implied covenant. Although the Plaintiff may plead both breach of contract and breach of the implied covenant of good faith and fair dealing as alternative theories of liability, all elements of each cause of action must be properly plead. Such is not the case with Plaintiff's Complaint. Consequently, the Complaint fails to state a claim for the breach of the implied covenant of good faith and fair dealing.

### 2. *Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing*

Under Nevada law, breach of the implied covenant of good faith and fair dealing can give rise to a tort when a special relationship exists between the parties to the contract, such as the relationship between an insurer and an insured. *Insurance Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). In the insurance context, this tort is commonly referred to as a claim for "bad faith." *See id*. at 703. "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)). To constitute a denial "without proper cause" an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986) (citing *Peterson*, 540 P.2d at 1070). In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actionable *tort*, unless there was no reasonable basis for that determination. *Pioneer*, 863 F. Supp. at 1242.

Plaintiff's Complaint lacks any allegations that Defendant denied coverage with an actual or implied awareness that there was no reasonable basis supporting its decision. Plaintiff's mere allegation that Defendant denied coverage is insufficient to state a claim for the tortious breach of the implied covenant of good faith and fair dealing.

### 3. *Nevada's Unfair Trade Practices Act*

Under NRS 686A.310 an insurer is liable for engaging in a number of enumerated acts. Plaintiff's Complaint contains nothing but a recitation of the language of several of those enumerations without any supporting factual allegations. Because reciting the elements of a cause of action is insufficient to state a claim, Plaintiff's Unfair Trade Practices Act claim must be dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Grace Ruggieri's Motion to Remand (ECF No. 15), is **DENIED without prejudice**. Upon stipulation to an amount of damages less than $75,000, Plaintiff may renew the Motion.

**IT IS FURTHER ORDERED** that Defendant Hartford Insurance Company of the Midwest's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18), is **GRANTED**. Plaintiff's second, third, and fourth causes of action for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and violations of Nevada's Unfair Trade Practices Act are **DISMISSED without prejudice**.

**DATED** this 12th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge